AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MICHAEL A. ALEXANDER | ) | Case Number: 11-276-3 (EGS) |
| | ) | USM Number: 31767-016 |
| | ) | CHRISTOPHER DAVIS/BRYAN SEELEY, AUSA |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   TWO AND 4

☐ pleaded nolo contendere to count(s) ____
which was accepted by the court.

☐ was found guilty on count(s) ____
after a plea of not guilty.

**FILED**
**OCT -9 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 201(b)(2)(A)(B) AND (C) | Receipt of a Bribe by a Public Official | September 16, 2011 | 2 |
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | September 16, 2011 | 4 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☑ Count(s)  all remaining courts  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

SEPTEMBER 13, 2012
Date of Imposition of Judgment

_signature_
Signature of Judge

EMMET G. SULLIVAN                U.S. DISTRICT JUDGE
Name and Title of Judge

October 6, 2012
Date

AO 245B   (Rev. 09/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page 2 of 5

DEFENDANT: MICHAEL A. ALEXANDER
CASE NUMBER: 11-276-3 (EGS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

72 Months on each of Counts Two and Four; Counts to be served concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant shall make payments on the special assessment and restitution through his participation in the Bureau of Prison's Inmate Financial Responsibility Program. The defendant tol be placed at the Federal Correctional Facility located at Morgantown, West Virginia or at FPC Pensa Cola, Florida. Defendant to participate in the 500 Hour Drug Treatment Program

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev 09/11) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: MICHAEL A. ALEXANDER
CASE NUMBER: 11-276-3 (EGS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

36 Months as to Counts Two and Four; Counts to be served concurrent.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable )*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:  MICHAEL A. ALEXANDER
CASE NUMBER:  11-276-3 (EGS)

## ADDITIONAL SUPERVISED RELEASE TERMS

You shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

You shall participate in a residential alcohol aftercare treatment program, which may include breathalyser testing and detoxification service, as approved and directed by the Probation Office.

You shall participate in a mental health treatment program, which may include outpatient counseling or residential placement, as approved and directed by the Probation Office.

The defendant shall perform 500 hours of community service to be served during the first two years of supervised release, as directed by the Probation Office.

You shall provide the Probation Office with your income tax returns, authorization for release of credit information, and information about any business or finances in which you have a control or interest.

You shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed.  You shall file timely, accurate, and lawful income tax returns and show proof of same to the Probation Office.

You shall pay restitution of $1,250,000.00, joint and several with Kerry Khan and Young Cho.

You shall pay the balance of any restitution owed and provide verification of same to the Probation Office.

Pursuant to Rule 32.2(a) of the Fed. Rules of Crim Proc., you, Michael Alexander, are ordered to forfeit the following property which was identified as related to the offense of conviction:  You consent to a money judgment of $1,250,000.00, and all assets, including all real and personal property of "Seven Monkeys Coffee" located at 652-16 Shinsa-dong, Gangnam-gu, Seoul, South Korea.  (attached to the Judgment and Commitment)

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT: MICHAEL A. ALEXANDER
CASE NUMBER: 11-276-3 (EGS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ 1,250,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Army Corps of Engineers<br>441 G Street, NW<br>Washington, DC 20314 |  | $1,250,000.00 |  |

| TOTALS | $ 0.00 | $ 1,250,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL A. ALEXANDER
CASE NUMBER: 11-276-3 (EGS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

   Special assessment in the amount of $200.00 is due during the period of supervised release.
   Restitution in the amount of $1,250,000.00 is due during the period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   CR 11-276 Kerry Khan and  CR 11-267 Young Cho.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO.: 11-cr-00276-3(EGS) |
| v. : | |
| MICHAEL A. ALEXANDER, : | **FILED** |
| Defendant. : | JUN - 1 2012 |
| | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## AMENDED CONSENT ORDER OF FORFEITURE

*WHEREAS*, the defendant has pled guilty to Count Two of an Indictment charging Bribery of a Public Official, in violation of 18 U.S.C. § 201, and Count Four, charging Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); and

*WHEREAS*, the Indictment also alleged the forfeiture of property, that is:

(1) Any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense in Count Two of the Indictment, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and

(2) Any and all property involved in the offense in Count Four of the Indictment and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

*WHEREAS*, on February 13, 2012, this Court entered a Consent Order of Forfeiture declaring that $1,250,000 was forfeitable to the United States in the form of a money judgment. The Order provided that this Court shall retain jurisdiction to enforce the Order, "and to amend it as necessary," pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

*WHEREAS*, the government has filed an unopposed motion, pursuant to Rule 32.2(e)(1)(A) of the Federal Rules of Criminal Procedure, to amend the Consent Order of Forfeiture to include all assets of "Seven Monkeys Coffee," located at 652-16, Shinsa-dong, Gangnam-gu, Seoul, South Korea.

*WHEREAS*, pursuant to Rule 32.2(e)(2)(A) of the Federal Rules of Criminal Procedure, this Court determines, based on the evidence set forth during the defendant's plea hearing, the government's motion, and the consent of the defendant, that all assets of "Seven Monkeys Coffee" are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and that the Government has established the requisite connection between that property and the violations alleged in Count Two and Count Four of the Indictment,

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c):

   All assets, including all real and personal property, of "Seven Monkeys Coffee" located at 652-16, Shinsa-dong, Gangnam-gu, Seoul, South Korea.

2. The February 13, 2012, Consent Order of Forfeiture, declaring that $1,250,000 is forfeitable to the United States in the form of a money judgment remains in effect.

3. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

4. Pursuant to Rule 32.2(b)(4)(A), and with the defendant's consent, this Order is final as to the defendant. This Order shall be made part of the sentence and included in the judgment.

5.      The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Anthony Saler, Asset Forfeiture and Money Laundering Section, United States Attorney's Office, 555 Fourth Street, N.W., Washington, D.C. 20530.

Dated this 3/51 day of May, 2012.

_____
EMMET G. SULLIVAN
United States District Court Judge
for the District of Columbia