IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CRIM NO. 11-276-1 (EGS) |
| | : |
| **KERRY F. KHAN** | : |
| **Defendant** | : |

## DEFENDANT KERRY KHAN'S SENTENCING MEMORANDUM

COMES NOW the Defendant, KERRY KHAN by and through counsel, in accordance with 18 U.S.C § 3553(a) and the Guidelines Manual (Nov. 1, 2012 ed.) and respectfully submits his Sentencing Memorandum. The defense objects to the calculation in the Presentence Investigation Report [hereinafter *PSR*] of the Sentencing Guideline range and respectfully submits that, in light of the objections herein, it should be an advisory range (pre-departure) of 262-327 months. *See also* Government's Motion For Section 5K1.1 Downward Departure and Memorandum in Aid of Sentencing at 18 (filed 2/5/13) (Dkt #161) [hereinafter Govt's Sentencing Memo] (noting same objection).

The defense agrees with the government that a downward departure under Section 5K1.1 of the Sentencing Guidelines for substantial assistance is warranted. *See id.* at 15-16. We respectfully submit, however, that a greater reduction is appropriate and that a variance sentence of 120 months would be fair, just and account for each of the factors set forth in 18 U.S.C. § 3553(a).

## I. GUIDELINES SENTENCING RANGE

Kerry Khan has no prior criminal record. *PSR* at 26 ¶¶ 125-26. As noted in the Presentence Investigation Report, Mr. Khan objects to the total offense level of 41. *Id.* at 42-43. The government correctly notes that the difference between this level 41 and the parties' stipulated level of 39 is that the Probation Office added a two point role enhancement to the money laundering offense. Govt's Sentencing Memo at 18. Neither the defense nor the government, however, consider Khan to be an organizer or leader in the money laundering conspiracy. *See id.* Thus, the appropriate (pre-departure) total offense level is 39 and a criminal history I for an advisory sentencing range of 262-327 months. *Id.*

## II. THE GOVERNMENT'S 5K1.1 SUBSTANTIAL ASSISTANCE MOTION

The government has moved for a downward departure based on Kerry Khan's substantial assistance. *See* Govt's Sentencing Memo at 15; U.S.S.G. §5K1.1. Specifically, the government recommends a three-level 5K1.1 departure, resulting in a total adjusted offense level of 36 (188-235 months). Govt's Sentencing Memo at 16. We submit that a five-level departure, resulting in a total adjusted offense level of 34 (151-188 months) is warranted.

As detailed in the PSR and the government's memorandum, Kerry Khan was assisted in this scheme by a number of individuals, including Michael Alexander and Harold Babb. Both Alexander and Babb received 5K1.1 departures greater than the three-level departure currently recommended by the government for Khan.

On September 13, 2012, Alexander was sentenced to 72 months imprisonment for his part in this conspiracy. *PSR* at 19 ¶ 88. Alexander had begun cooperating soon after his arrest and

the government recommended a five-level downward departure under 5K1.1 for him. *See United States v. Michael Alexander*, 11-cr-276-003 (EGS), Government's Motion For Section 5K1.1 Downward Departure and Memorandum in Aid of Sentencing at 11-12 (filed 9/7/12) (Dkt #106) [hereinafter Dkt #106]. The government noted that, a few weeks after it became known that Alexander was cooperating, Khan and Babb "signaled a willingness to cooperate." *Id.* at 11.

In fact, Kerry Khan began cooperating with the government before Harold Babb was cooperating. *See United States v. Harold F. Babb*, 11-cr-276-004 (EGS), Government's Motion For Section 5K1.1 Downward Departure and Memorandum in Aid of Sentencing at 10 (filed 10/10/12) (Dkt #125) [hereinafter Dkt #125]. Moreover, Kerry Khan's cooperation is directly credited to contributing to Babb's decision to plea guilty:

> By agreeing to cooperate at an early stage of the investigation and providing critical information to investigators about the transactions, the defendant [Kerry Khan] assisted the government in obtaining plea agreements from other co-conspirators. In particular, the defendant explained conversations that he had with Harold Babb concerning the fictitious invoices submitted by Big Surf, which contributed to Babb's eventual plea agreement.

Govt's Sentencing Memo at 15.

For Babb, whose cooperation began subsequent to Khan's, the government recommended a four-level downward departure under §5K1.1, resulting in a total adjusted offense level of 29 (87-108 months). *See* Dkt #125 at 10. On October 18, 2012, Babb was sentenced to 87 months imprisonment. *PSR* at 19 ¶ 89.

Khan's level of cooperation was at least as substantial as the assistance provided by Alexander and Babb. In addition to Babb, Khan provided information which incriminated and

3

led to the pleas of others involved in the scheme, including Lee Khan, Nazim Khan, and Larry Corbett. Govt's Sentencing Memo at 15-16. Khan also provided information regarding bribe payments to another public official (identified by the government as "Public Official C"), bribe payments from Nova Datacom's former president, and assistance regarding the involvement of other Nova Datacom employees. Id. at 16. Finally, Khan assisted in the civil investigation of the prime contractor and subcontractors for the TIGER contract. Id. We submit that his timely, substantial assistance warrants a five-level departure, resulting in a total adjusted offense level of 34 (151-188 months).

### III. A SENTENCE OF 120 MONTHS WOULD BE FAIR, JUST AND ACCOUNT FOR THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

Section 3553(a) of Title 18 directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and then impose a sentence "sufficient, but not greater than necessary" to comply with the goals of sentencing. The Supreme Court has consistently and repeatedly made clear that that the Sentencing Guidelines are advisory only and cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors in §3663(a). See, e.g., Kimbrough v. United States, 552 U.S. 85 (2007); Gall v. United States, 552 U.S. 38 (2007). Nelson v. United States, 129 S. Ct. 890 (2009); Spears v. United States, 129 S. Ct. 840 (2009). In the instant case, a total sentence of 120 months incarceration would account for the factors set forth in §3553(a).

### A. The Personal History and Characteristics of Kerry Khan

Kerry Khan, 55, was born on December 21, 1957 in San Fernando, Trinidad, West Indies. *PSR* at 26 ¶ 131. He is a naturalized citizen of the United States. *Id.* at 29 ¶ 140. He was one of ten children. *Id.* at 26 ¶ 131. In the early 1980s, he married Myra Khan, who remains extremely supportive of Kerry. *Id.* at 28 ¶ 135. She notes that he is a good person, close to his family and that she in anxious for him to return home. *Id.* at 29 ¶¶ 136-37. Mr. Khan's sister, Debbie Gonzalez, describes him as a loving and caring individual. *Id.* at 27 ¶ 134.

A number of letters are attached for the Court's consideration. *See* Attachment 1 (letters from Sheila Reid and Nathaniel Ried). Ms. Sheila Reid, Kerry's sister-in-law, writes about how Kerry let her stay at his home when she was trying to get on her feet. *Id.* She notes that he is devoted and kind. *Id.* Mr. Nathaniel Reid, Kerry's brother-in-law (Sheila's husband), also writes that Mr. Khan is kind and gracious and how he considers Kerry to be a mentor whose encouragement and advice has helped him sustain his long and happy marriage. *Id.*

### B. The Nature and Circumstances of the Offense

Mr. Khan has pled guilty and accepted responsibility for his conduct. He has cooperated extensively with the government. He has no prior criminal record. *PSR* at 26 ¶¶ 125-26. As Mr. Khan expressed at the beginning of his acceptance statement:

> I cannot begin to tell you the embarrassment and shame I feel for being in the situation I put myself in. After a lifetime as a hard worker and a family man, I am now a convicted felon. I have caused embarrassment and shame to my family, my friends, my country and to myself.

*Id.* at 23 ¶ 108.

## C. The Goals of Sentencing and the Need to Avoid Unwarranted Disparities

Title 18 directs the Court to impose a sentence "sufficient, but not greater than necessary," to comply with the numerous goals of sentencing. See 18 U.S.C. §3553(a). One such goal is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. Kerry Khan, Michael Alexander and Harold Babb participated in the same scheme, are guilty of similar conduct, and all are at Criminal History Category I. In fact, Khan and Alexander are guilty of nearly identical conduct, having both pled guilty to Counts Two and Four of the indictment in this case. Those counts charged, respectively, Receipt of a Bribe by a Public Official, in violation of 18 U.S.C. §201(b)(2)(A)-(C) and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §1956(h).[1]

As detailed above, Alexander received a sentence of 72 months imprisonment and Babb was sentenced to 87 months incarceration. *PSR* at 19 ¶¶ 88-89. The government seeks a sentence of 188 months for Kerry Khan, over twice the sentence received by Babb and over two-and-a-half times the sentence received by Alexander. This would result in an unwarranted sentencing disparity. The differences in their respective conduct are not sufficient to justify the enormous disparity in sentences the government is seeking between Khan on the one hand and Alexander and Babb on the other. A variance sentence of 120 months would be "sufficient, but not greater than necessary" under 18 U.S.C. §3553(a).

---

[1] Babb pled guilty to a two-count criminal information charging one count of Bribery of a Public Official, in violation of 18 U.S.C. §201(b)(2)(A)-(C), and one count of Unlawful Kickbacks, in violation of 41 U.S.C. ¶ 8702(2). Both counts related to his significant role in the scheme charged in the indictment.

## IV. CONCLUSION

As detailed herein, the appropriate pre-departure offense level total is 39. In addition, a five-level substantial assistance departure is appropriate, resulting is an offense level total of 34 and an advisory sentencing range of 151-188 months. Kerry Khan respectfully submits that, in order to avoid an unwarranted disparity between similarly situated defendants, a variance sentence of 120 months incarceration would be appropriate, warranted and just.

                Respectfully Submitted,

                KERRY KHAN
                By Counsel

*/s/ David B. Smith*
DAVID B. SMITH, DC Bar #403068
JEFFREY D. ZIMMERMAN, DC Bar #456162
Smith & Zimmerman, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dsmith@smithzimmerman.com
jzimmerman@smithzimmerman.com
*Counsel for Defendant Kerry Khan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2013, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

    AUSA Michael K. Atkinson
    AUSA Bryan G. Seeley
    AUSA Anthony D. Saler
    Office of the United States Attorney
    555 Fourth Street, N.W.
    Washington, D.C. 20530
    michael.atkinson2@usdoj.gov
    brian.seeley@usdoj.gov
    anthony.saler@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows:

    [none]

                                              */s/ David B. Smith*
                                              David B. Smith, DC Bar #403068
                                              Jeffrey D. Zimmerman, DC Bar #456162
                                              Smith & Zimmerman, PLLC
                                              108 North Alfred Street
                                              Alexandria, Virginia 22314
                                              (703) 548-8911 / Fax (703) 548-8935
                                              dsmith@smithzimmerman.com
                                              jzimmerman@smithzimmerman.com
                                              *Counsel for Defendant Kerry Khan*